The Honorable Doug Walker State Senator, 12th District State Capitol, Room 138-N Topeka, Kansas 66612-1504
Dear Senator Walker:
As senator for the twelfth district you request our opinion on the following questions concerning the John Brown cabin.
"1. Can the state unilaterally close the John Brown Cabin in Osawatomie with the current lease agreement between the city of Osawatomie and the State in effect?
"2. If they can close the cabin, does this negate the other provisions in the lease agreement? (i.e. park maintenance)
"3. Can the legislature pass legislation to negate this lease agreement?
"4. The state has maintained a curator at the cabin since the original lease agreement. Is it a violation of the lease agreement for the state to discontinue providing for a curator under Section C of the lease agreement?
"5. Is the state contractually obligated to maintain the cabin at its current maintenance and operations level?"
In 1965, the legislature repealed K.S.A. 76-2002 and enacted K.S.A.76-2002a, 76-2002b, 76-2002c and 76-2002d regarding the John Brown memorial park and cabin. Pursuant to this statutory authority the state of Kansas entered into a 99 year agreement with the city of Osawatomie on July 1, 1965 whereby the state leased the park to the city. However, the cabin on the grounds of the park was to be "excepted from said lease." K.S.A. 76-2002a. The state of Kansas was also directed to "continue to operate and maintain the cabin." K.S.A. 76-2002a. The statute further provided:
 "The custody and management of the museum located on the grounds of the John Brown memorial park in the city of Osawatomie, Kansas, is hereby vested in the state historical society. The secretary of the state historical society is hereby authorized to appoint a caretaker for said museum." K.S.A. 76-2002d.
The lease agreement contains a provision in which "the [state] further agrees to operate and maintain John Brown's cabin located in the John Brown Memorial Park." Currently, the Kansas state historical society is considering various plans to reduce the budgetary outlay and one of the proposed plans has been to review and possibly change the curator's position at the John Brown memorial park cabin.
The 1965 statute authorized a 99 year lease for the park but specifically "excepted from said lease that portion of said tract of land upon which is located the museum, commonly known as the John Brown's cabin, and also that portion upon which is located the caretaker's cottage (as long as such cottage remains on said land), which the state of Kansas shall continue to operate and maintain." K.S.A. 76-2002a. Based on this statute operation of the cabin was not required to have been included in the lease agreement, however, the lease and statute do provide for continued "operation and maintenance," thereby foreclosing the state's ability to totally discontinue operation of the cabin. The level of operation and maintenance, however, is not delineated.
There are no statutory definitions for the phrase "operate and maintain." Nor does the lease establish what is meant by this phrase. Since the state is only authorized and not mandated to appoint a caretaker, we believe that the state could modify the current level of operation of the cabin. The lease does not require that the cabin be open 8 hours a day, 7 days a week. A more limited operation does not breach the terms of the agreement.
With regard to whether "the legislature can pass legislation to negate the lease agreement," the answer to this question seems to depend upon the legislative change to be made. It is possible that legislation could result in a viable solution to all parties. Therefore, we are unable to definitively answer this question without more specifics regarding the content of the legislation.
You next ask whether it is a violation of section C of the lease agreement to discontinue the full-time curator's position and whether the state is "contractually obligated to maintain the cabin at its current maintenance and operations level." Section C of the lease states "[t]he Lessor further agrees to operate and maintain John Brown's cabin located in the John Brown Memorial Park." The provision does not mention the necessity of having a curator on duty, or that the cabin be operated on a full-time basis. "Performance of a contract has been defined generally as the doing of the acts required by the agreement at the time and place therefor and in the manner stipulated." 17A Am.Jur.2d Contracts sec. 606 (1991). Therefore, there is no requirement that the practice of having a full-time curator at the cabin be continued.
In conclusion, the state can alter the manner in which the John Brown cabin is operated and maintained without breaching the agreement which was entered into in 1965.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Jane Stattelman Assistant Attorney General
RTS:JLM:MJS:bas